CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-593V

|  |  |
|---|---|
| NICOLE EGBERT, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: March 23, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On January 12, 2021, Nicole Egbert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] ("Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine received on September 18, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. The matter was conceded in Petitioner's favor, but the parties could not agree to damages, so their dispute was presented for my resolution.

On January 16, 2026, I issued a Ruling on Damages holding that Petitioner was entitled to compensation in the amount of $140,000.00 for past pain and suffering, and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

$2,908.81 for past unreimbursable expenses. ECF No. 73 at 1. I also made certain findings with regards to Petitioner's claim for past and future lost wages, but instructed the parties to attempt to informally resolve this issue based on my directives. *Id.* at 19-22. On March 19, 2026, the parties filed a joint status report agreeing that a lump sum of $744,553.00 (reduced to net present value) effectuated my ruling with regard to past and future lost earnings. ECF No. 77 at 1.

Therefore, as explained in my January 16, 2026 Ruling and based on consideration of the entire record, **Petitioner is awarded a lump sum payment of $887,461.81 ($140,000.00 for past pain and suffering, $ 2,908.81 for unreimbursed expenses, and $744,553.00 for past and future lost earnings) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

    **IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.